| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

GOVERNMENT OF THE VIRGIN ISLANDS,
DEPARTMENT OF HUMAN SERVICES,
YOUTH REHABILITATION CENTER,      2007-CV-0059

        **Plaintiff,**

  v.

SEAFARERS INTERNATIONAL UNION,
on behalf of MARIE DANIELSON,

        **Defendant.**

_____

TO:    Robert A. Malloy, Esq.
         Pedro K. Williams, Esq.

### ORDER DENYING DEFENDANT'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

THIS MATTER came before the Court upon Defendant's Motion to Quash and For Protective Order (Docket No. 19).  Plaintiff filed an opposition to said motion.  In view of the time-sensitive nature of the said motion, this order is issued without necessity of reply.

Rule 26(c) of the Federal Rules of Civil Procedure grants courts the discretion to issue, "for good cause shown," orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,  including . . . that the . . . discovery may be had only on specified terms and conditions . . . ."  Fed. R. Civ. P. 26(c)(2).

*Government of the Virgin Islands v. Seafarers International Union*
2007-CV-0059
Order Denying Defendant's Motion to Quash and For Protective Order
Page 2

Such an order is appropriate only where there has been a showing of a particularized need for protection. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).

Defendant argues that it should be protected from the taking of depositions because in the matter at bar the "Court's review [of the arbitrator's award] is limited to the record before the arbitrator and the arbitrator's award itself." Motion at 4. As Plaintiff makes clear in its Opposition, "there is no transcript of the [arbitration] proceedings and thus, the only reliable evidence is documentary evidence and the testimonial evidence of the witnesses at the proceedings." Opposition at 5. The Court finds that the depositions at issue would not be impermissible new or additional evidence. They will demonstrate what was on the record before the arbitrator in the absence of a transcript.

Defendant also argues that it should not be required to produce a settlement agreement between Marie Danielson and a third party in an unrelated case because the settlement agreement is irrelevant. Contrary to Defendant's assertions, the Court finds the settlement agreement is highly relevant to the issue of whether Marie Danielson was "double-dipping," an issue which should have been considered by the arbitrator. Any concerns regarding the confidentiality of the settlement agreement at issue can be resolved by the parties entering into a confidentiality agreement.

*Government of the Virgin Islands v. Seafarers International Union*
2007-CV-0059
Order Denying Defendant's Motion to Quash and For Protective Order
Page 3

Defendant further argues that the noticed depositions are premature pending the resolution of its motion to dismiss. The Court finds that the record is void of an order staying discovery. Consequently, the Court will deny Defendant's motion upon such basis.

Based upon the foregoing, it is now hereby **ORDERED** that Defendant's Motion to Quash and For Protective Order (Docket No. 19) is **DENIED**.

ENTER:

Dated: November 5, 2007                                        /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE