**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF HUMAN SERVICES, YOUTH REHABILITATION CENTER,<br><br>                  **Plaintiff,**<br>  v.<br><br>SEAFARERS INTERNATIONAL UNION, on behalf of MARIE DANIELSON,<br><br>                  **Defendant,**<br>  and<br><br>MARIE DANIELSON,<br><br>                  **Intervenor.** | 2007-CV-0059 |

TO:    Robert A. Malloy, Esq.
          Pedro K. Williams, Esq.
          Warren B. Cole, Esq.

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**

THIS MATTER came before the Court upon Plaintiff's Motion to Disqualify Attorney Warren B. Cole (Docket No. 84). Attorney Warren B. Cole filed an opposition to said motion, and Plaintiff filed a response thereto.

Plaintiff moves, pursuant to Model Code of Professional Conduct 3.7, to disqualify Attorney Cole from representing Intervenor, Marie Danielson, on the grounds that Plaintiff

*Government of the Virgin Islands v. Seafarers International Union*
2007-CV-0059
Order Denying Plaintiff's Motion to Disqualify
Page 2

intends to call Attorney Cole as a witness at trial.[1] Attorney Cole counters that the testimony Plaintiff seeks from him can be obtained from other sources.

It is well settled that the "party seeking disqualification must establish the necessity of the testimony from this particular witness." *Gordon v. Bechtel Int'l*, No. Civ. 2001/132, 2001 WL 1727252 at *4 (D.V.I December 28, 2001) (citing *Chappell v. Cosgrove*, 916 P.2d 836, 839 (N.M. 1996)).

Having reviewed the submissions of the parties and upon due consideration thereof, the Court finds that the testimony Plaintiff seeks, namely the breakdown of the settlement amount Ms. Danielson received in the *Villareal* case, can be obtained from other sources, including Attorney Douglas L. Capdeville, who represented the settling party, as well as the representative of the settling party, that is, party who actually paid the settlement amounts.

---

1. This Court has adopted the Model Rules of Professional Conduct as the standard for the ethical conduct of attorneys. *See, e.g., VECC, Inc. v. Bank of Nova Scotia,* 222 F. Supp. 2d 717, 719 (D.V.I. 2002) (citing LRCi 83.2 and *Brice v. HOVIC,* 769 F. Supp. 193, 194 (D.V.I. 1990)). Model Rule of Professional Conduct 3.7 provides:
    (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
        (1) the testimony relates to an uncontested issue;
        (2) the testimony relates to the nature and value of legal services rendered in the case; or
        (3) disqualification of the lawyer would work substantial hardship on the client.

*Government of the Virgin Islands v. Seafarers International Union*
2007-CV-0059
Order Denying Plaintiff's Motion to Disqualify
Page 3

The Court further notes that the rule "is only applicable to trial and the attorney may continue to represent the client up to trial. *Grammar v. Melnik*, Civil No. 07-73, 2008 WL 3155154 at *2 (D.V.I. August 1, 2008) (slip copy) (citing *Gordon v. Bechtel Int'l.*, No. Civ. 2001/132, 2001 WL 1727252 at *5 (D.V.I December 28, 2001)).  Thus, the Court will deny the motion without prejudice, and Plaintiff may renew the motion in the event Plaintiff can demonstrate the necessity of Attorney Cole's testimony at trial.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Disqualify Attorney Warren B. Cole (Docket No. 84) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff may renew this motion in the event it can demonstrate the necessity of Attorney Cole's testimony at trial.

ENTER:

Dated: October 2, 2008                                         /s/
                                                      GEORGE W. CANNON, JR.
                                                      U.S. MAGISTRATE JUDGE